IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARK H. | * | |
| | * | |
| v. | * | Civil Case No. CCB-18-1693 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | * | |
| | * | |

*************

# REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). ECF 5. I have considered the parties' cross-dispositive motions. ECF 13, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the SSA's decision be reversed in part, and that the case be remanded to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff filed his claims for benefits on April 29, 2014, alleging an onset date of September 18, 2013. Tr. 379-87. His claims were denied initially and on reconsideration. Tr. 298-302, 309-12. A hearing was held on February 10, 2017, before an Administrative Law Judge ("ALJ"). Tr. 211-51. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 186-205. The Appeals Council declined review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairments of "sleep apnea, obesity, asthma, diabetes mellitus, cognitive impairment, anxiety, and affective disorder." Tr. 189. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except he can frequently climb ramps and stairs, but he can never climb ladders or scaffolds; he can frequently balance, stoop, kneel, crouch, and crawl. The claimant can never work at unprotected heights or around moving, mechanical parts. He can perform simple, routine tasks, but not at a production pace, and he can make simple work-related decisions and tolerate occasional changes in the workplace setting. The claimant can tolerate no more than a moderately loud work environment, and he can tolerate occasional exposure to odors, fumes, gases, and poor ventilation. Finally, the claimant can tolerate occasional interaction with supervisors, coworkers, and the general public.

Tr. 192. After considering the testimony of a vocational expert, the ALJ determined that Plaintiff could not perform his past relevant work, but could perform other jobs existing in significant numbers in the national economy. Tr. 202-05. Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. Tr. 205.

Plaintiff raises four primary arguments on appeal: (1) that the ALJ erred when assessing Plaintiff's limitations in the "paragraph B" criteria, ECF 13 at 7-13; (2) that the ALJ did not support the RFC assessment with substantial evidence, *id.* at 13-15; (3) that the ALJ erred when assessing the medical opinion evidence, *id.* at 15-21; and (4) that in the RFC analysis the ALJ failed to account for Plaintiff's moderate limitations in concentration persistence or pace, *id.* at 22-23. I agree with Plaintiff's final argument, and I therefore recommend remand under sentence four. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Beginning with the successful argument, Plaintiff frames his argument as a failure by the ALJ to comply with the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir.

2015). In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the five-step sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

In two recent cases, *Thomas v. Berryhill*, and *Perry v. Berryhill*, the Fourth Circuit has remanded cases in which the ALJ used phrases in the RFC similar to work "not at a production pace," without providing further explanation or definition of that phrase. *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019) (holding that ALJ's failure to define "production rate or demand pace" frustrated appellate review); *Perry v. Berryhill*, No. 18-1076, ___ F. App'x ___,

3

2019 U.S. App. LEXIS 6969 (4th Cir. Mar. 8, 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). In *Thomas*, the Fourth Circuit declined to reach a *Mascio* argument, reasoning that without further explanation, the court was unable to determine if the RFC "properly accounts for Thomas's moderate limitations in concentration, persistence, and pace." *Thomas*, 916 F.3d at 312 n.5. Similarly, in *Perry*, the Fourth Circuit explained that if the claimant's limitations in concentration, persistence, and pace were "addressed at all . . . it must be through the ALJ's reference to a 'non-production oriented work setting.' But, again we do not know what the ALJ intended when she used that phrase. As a result, it is difficult, if not impossible, to evaluate whether restricting Perry to a 'non-production oriented work setting' properly accounted for Perry's well-documented limitations in concentration, persistence, and pace." *Perry*, 2019 U.S. App. LEXIS 6969, at *8-9 (citing *Thomas*, 916 F.3d at 312; *Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015)).

Here, the ALJ found that Plaintiff had moderate limitations in concentration, persistence, or pace. Tr. 191. The SSA argues that the RFC limitation to work "not at a production pace," Tr. 192, properly accounts for Plaintiff's limitations. ECF 18-1 at 13-14. That phrase is directly analogous to the phrases deemed problematic in *Thomas* and *Perry*. Consistent with the recent Fourth Circuit rulings, this court is unable to evaluate whether the limitation to work "not at a production pace" properly accounted for Plaintiff's moderate limitations in concentration, persistence, or pace. The proper course, then, is to remand to the ALJ for further explanation. *See Thomas*, 916 F.3d at 312 n.5 ("On remand, the ALJ will need to establish for how long, and under what conditions, Thomas is able 'to focus [her] attention on work activities and stay on task at a sustained rate.' 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 12.00(E)(3). Only then will we or any court be able to meaningfully review the ALJ's RFC finding.")

4

The SSA argues that the RFC limitation to "a moderately loud work environment," Tr. 192, also accounted for Plaintiff's limitations in concentration, persistence, or pace. ECF 18-1 at 14. However, that RFC provision appears designed to address Plaintiff's hearing loss. *See* Tr. 189 (ALJ finding Plaintiff's bilateral hearing loss was a medically determinable impairment). Certainly, the ALJ does not suggest in the decision that the limitation to a "moderately loud work environment" was meant to address Plaintiff's limitations in concentration, persistence, or pace.

Because I recommend remand on other grounds, I decline to reach the merits of Plaintiff's remaining arguments. If the case is remanded, the ALJ can consider whether the evidence supports greater limitations in the paragraph B criteria, changes to the RFC analysis, or revisions to the weighing of the medical opinions.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Plaintiff's Motion for Summary Judgment, ECF 13;

2. the Court DENY Defendant's Motion for Summary Judgment, ECF 18;

3. the Court REVERSE IN PART due to inadequate analysis the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case to the SSA for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: May 30, 2019 /s/
Stephanie A. Gallagher
United States Magistrate Judge